# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JO-QUAN MATHIS,

    Petitioner,

-vs-                                                 Case No. 8:19-cv-929-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Mathis, Florida prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a conviction for armed robbery with a weapon entered in 2000 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Doc. 1).

Because Mr. Mathis filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Mr. Mathis previously sought federal habeas relief in this Court regarding the conviction he

challenges in this action. *See Mathis v. Secretary, Department of Corrections*, 8:05-cv-286-T-27TGW (M.D. Fla. 2005) (petition denied February 11, 2008). Therefore, the instant petition is successive. Therefore, pursuant to 28 U.S.C. 2244(b)(3), Mr. Mathis was required to obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein).

He has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application. Consequently, this Court is without jurisdiction to consider the petition,[1] and this case will be dismissed without prejudice to allow Mr. Mathis the opportunity to seek said authorization.

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk** is directed to send Mr. Mathis the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate any pending motions, and close this case.

**DONE and ORDERED** at Tampa, Florida on _April 22d_, 2019.

WILLIAM F. JUNG
United States District Judge

Copy to: *Pro se* Petitioner

---

[1] *See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).